E. M. F. LEFLANG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7309.    Promulgated February 1, 1927.

> Income taxes assessed against a corporation and paid by a stockholder after he has received his final liquidating dividend, should be charged against such dividend and his return made for the year in which such dividend was received should be adjusted to express the true amount of such dividend.

*Andrew T. Smith, Esq., Virgil Y. Moore, Esq.,* and *Lewis H. Barnes, Esq.,* for the petitioner.
*L. C. Mitchell, Esq.,* for the respondent.

This is a proceeding to redetermine the deficiency asserted by the Commissioner in petitioner's income tax for the year 1919, such asserted deficiency being in the amount of $5,508.43.

The petitioner assigned three errors, stated briefly as follows:

(1) The refusal of the Commissioner to recognize the continuity of organization, in the reorganization of the old Lexington Mill & Elevator Co. into the new Lexington Mill & Elevator Co.

(2) The refusal of the Commissioner to allow depreciation on buildings at the rate of 3 per cent.

(3) The refusal of the Commissioner to adjust the amount of a liquidating dividend received by petitioner in 1919 from the Wyoming Nebraska Telephone Co., by deducting from the amount received and reported in that year an amount paid by petitioner, in 1925, as a stockholder's part of income tax assessed against the company for 1919.

At the hearing the petitioner abandoned his first and second assignments of error, leaving only the third for consideration.

FINDINGS OF FACT.

The petitioner is an individual residing in Omaha, Nebr. In 1919 he owned 46.6 per cent of the capital stock of the Wyoming Nebraska Telephone Co. In 1919 he received a final liquidating dividend from that company of $49,908.97. In 1925 the petitioner was called upon as a stockholder to pay Federal income tax due by that company for

the year 1919, and in July, 1925, did pay in response to that demand, as his part of the tax due, $7,945.23. The Commissioner refused to readjust his 1919 return so as to show the amount of liquidating dividends received as $49,908.97 less the $7,945.23 tax paid in 1925.

OPINION.

LOVE: Assignments of error Nos. 1 and 2 having been abandoned by petitioner, those assignments and the questions raised by them are not here considered. The facts in the instant case place it within the purview of the Board's decisions in *Appeal of O. B. Barker*, 3 B. T. A. 1180, and in *E. F Cremin* v. *Commissioner*, 5 B. T. A. 1164.

We therefore sustain petitioner's assignment of error No. 3. In all other respects the determination of the Commissioner is approved.

*Judgment will be entered on 15 days' notice, under Rule 50.*